Argued and submitted July 20, 2000, reversed and remanded with instructions
May 9, petition for review denied August 14, 2001 (332 Or 430)

## BUTTE CREEK ASSOCIATION,
### *Respondent,*

*v.*

## MARION COUNTY,
a political subdivision of Oregon
and municipal corporation,
and its Board of County Commissioners
composed of Don Wyant, Mary Pearmine
and Randall Franke,
*Respondents below,*

*and*

## Dave BIELENBERG,
Tom Buchholz and Glen Goshie,
petitioners for the formation of the
East Valley Water District,
*Appellants.*

98C-17831; A106270

23 P3d 997

William H. Holmes argued the cause for appellants. With him on the briefs were David E. Filippi and Stoel Rives LLP.

Mary Kim Wood argued the cause and filed the brief for respondent Butte Creek Association.

Ben Lombard, Jr., and Lombard, Knudsen & Holtey LLP, filed the brief *amici curiae* for the Oregon Water Resources Congress and the Oregon Farm Bureau.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Intervenors[1] petitioned the Marion County governing body to form an irrigation district in accordance with ORS 545.001 *et seq.* The governing body concluded that the signatures of the necessary owners had been obtained and that the other requirements of ORS 545.029 had been met to form the district without an election. It therefore ordered the creation of the district.[2]

Plaintiff Butte Creek Association then brought this writ of review proceeding, contending, *inter alia*, that not all of the necessary signatures had been obtained, that the boundaries of the district excluded certain lands that ORS 545.029 required to be included, and that the election that the governing body found unnecessary was required. After intervening in the proceeding, intervenors filed a motion to dismiss or, alternatively, for summary judgment, contending that plaintiff—an organization—lacked standing and that the governing body's decision was correct on the merits. Plaintiff also moved for summary judgment, and the court granted its motion and directed the governing body to vacate its orders and conduct further proceedings.

Intervenors appealed, arguing that the trial court erred in both its *sub silentio* adverse ruling on the standing argument and its ruling on the merits. The standing argument, as formulated, does not provide a satisfactory basis for our decision. It turns in large part on the issue of "representational standing." Any favorable decision by us on that argument would, at most, result in further proceedings in the trial court, in which plaintiff's members could simply be substituted as parties. *See* ORCP 26 A.

In our view, whether it is perceived as a matter of standing or a basis for denying relief on the merits, the better basis for our disposition inheres in ORS 545.091. That statute provides:

---

[1] We refer to the parties by their designations in the trial court.

[2] The governing body also entered an amended order, and amended pleadings were concomitantly filed in this action. It is not necessary to our discussion to set forth the details of those procedures.

"The boundaries of a district may for administrative convenience encompass lands that are not subject to the charges and assessments of the district, without regard to whether the lands are susceptible to irrigation. An owner whose land is within the boundaries of a district but is not subject to the charges and assessments of the district does not have the rights or duties of an elector or owner of land under this chapter."

Under the facts of the case, the governing body's orders did not violate any requirements about which plaintiff or its members are entitled to complain in light of ORS 545.091. Assuming that their property is or arguably should be included within the boundaries of the proposed district, neither plaintiff nor any of its members about whom the record contains information is subject to the district's contemplated charges or assessments. Hence, they had no right to withhold consent to the formation of the district and thereby compel an election. Because all of the landowners whose land is subject to the district's charges and assessments petitioned to form the district, the governing body correctly ordered the formation of the district without an election.[3]

Reversed and remanded with instructions to quash the writ.

---

[3] A governing body can modify the boundaries of a proposed district, but the modifications cannot exclude "any territory within the boundaries of the district proposed by petitioners that is susceptible to irrigation by the same system of works applicable to other lands in the proposed district." ORS 545.029(1)(b). In this case, no one sought a modification that would meet that standard. In addition, landowners whose lands are *not* included among those that will be subject to the district's charges and assessments can petition the governing body to have their lands included in the district. However, if they make such a request, it carries with it an agreement to be subject to the district's charges and assessments. *See* ORS 545.029(1)(c), (3). The addition of land on that basis has no bearing on whether an election is held to form the district. *See id.* If, as here, all landowners whose land will be subject to the charges and assessments of the proposed district have petitioned to form the district, then the governing body must enter an order forming the district without conducting an election on its formation.