On respondent's petition for reconsideration filed November 5, and appellant's response to petition for reconsideration filed November 11, 2003, reconsideration allowed; former opinion (189 Or App 531, 76 P3d 1148 (2003)) adhered to February 11, 2004

## COAST RANGE CONIFERS, LLC,
an Oregon Limited Liability Company,
*Appellant,*

*v.*

## STATE OF OREGON,
by and through the
Oregon State Board of Forestry,
*Respondent.*

011423; A117769

83 P3d 966

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and David F. Coursen, Assistant Attorney General, for petition.

Phillip D. Chadsey, Charles F. Adams, and Stoel Rives LLP *contra*.

Before Landau, Presiding Judge, and Armstrong and Wollheim, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The state petitions for reconsideration of our opinion, in which we concluded that the trial court erred in granting the state's motion for summary judgment and in denying the summary judgment motion of Coast Range Conifers, LLC (CRC), on the issue of liability in this inverse condemnation case. *Coast Range Conifers v. Board of Forestry*, 189 Or App 531, 550, 76 P3d 1148 (2003). The state asserts two grounds for its petition: (1) CRC's inverse condemnation claim is not ripe; and (2) even if the claim is ripe, our disposition of the appeal should be modified to reverse the entry of summary judgment only, not to order the entry of summary judgment in favor of CRC as well. We allow the petition and adhere to our decision for the following reasons.

■ We begin with the state's argument that CRC's claim is not ripe. The state acknowledges that it neglected to raise that argument at trial; it asserted that the trial court lacked jurisdiction on other grounds—grounds that it later conceded were not well taken—but it did not contend to the trial court that CRC's claim was not ripe. Nor did the state raise that argument on appeal, either in its briefing or at oral argument. It nevertheless contends that, because ripeness is an aspect of justiciability, the matter may be raised at any time, even for the first time in a petition for reconsideration after this court has issued an opinion. According to the state, although the Board of Forestry denied CRC's application to log its nine-acre parcel, the order should not be understood to have prohibited CRC from *all* use of the parcel. Indeed, the state argues, there may well be "approvable alternatives" if only CRC would submit additional applications.

CRC complains that ripeness is not a jurisdictional issue and that it may not be raised at this late juncture. CRC argues that what the state fashions as a "ripeness" argument is actually an assertion that CRC failed to establish an element of its regulatory takings claim, that is, that it has been denied all economically productive use of the relevant parcel. As such, CRC argues, the argument amounts to an assertion that it has failed to state a claim, an assertion that cannot be raised for the first time on appeal, much less in a petition for reconsideration after an opinion on appeal has been issued.

In any event, CRC argues, the Board of Forestry (board) did not suggest that there might be "approvable alternatives," only that it might deny logging within a slightly smaller radius of the bald eagle nest site; thus, CRC argues, there remains a live, nonhypothetical regulatory takings claim.

The term "ripeness" tends to be used somewhat loosely. Sometimes, it is used to refer to an aspect of the doctrine of justiciability, specifically, the requirement that there be an actual, as opposed to a hypothetical, injury to the individual invoking the judicial power. *See, e.g., McIntire v. Forbes*, 322 Or 426, 434, 909 P2d 846 (1996) (holding that, for a claim to be ripe, " '[t]he controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue' ") (quoting *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982)). In that sense, ripeness is an issue that is jurisdictional in nature and may be raised at any time. *Id.* at 433-45.

Sometimes, the term is used more broadly to assert that the complaining party has failed to allege or prove an element of the particular claim involved. In *Boise Cascade Corp. v. Board of Forestry*, 186 Or App 291, 297, 63 P3d 598, rev den, 335 Or 578, cert den, 532 US 923, 124 S Ct 940, 157 L Ed 2d 746 (2003), the state asserted for the first time on appeal that the plaintiff's Fifth Amendment regulatory takings claim was not "ripe" because the plaintiff had failed to establish that Article I, section 18, of the state constitution did not afford it a remedy. We concluded that the argument was, "in essence, a defense of failure to state ultimate facts sufficient to constitute a claim." *Id.* As such, we concluded, it could not be raised for the first time on appeal. *Id.* at 297-98.

In this case, the state's argument strikes us as being of the latter sort. As we understand it, the state is not arguing that it might have permitted CRC to harvest the entire parcel but only that, had CRC but reapplied, the board might have disapproved logging in a slightly smaller area. As a result, the state argues, CRC has failed to establish that it has suffered a loss of *all* economically viable use of the property. That argument goes to whether CRC has stated a regulatory takings claim, not to whether CRC's alleged injury is

abstract or hypothetical. As such, the argument may not be asserted for the first time at this late date.

■      We turn to the state's argument that we should modify the disposition of this case and merely reverse the entry of summary judgment for the state without directing the trial court to enter summary judgment for CRC. According to the state, we were incorrect in asserting in our opinion that the "state apparently does not dispute CRC's assertion that the restriction does, in fact, deprive the nine-acre parcel of all economically viable use." *Coast Range Conifers*, 189 Or App at 550. The state insists that, although the relevant administrative order did deny CRC's request to log the entire nine-acre parcel, it should not be understood to have prohibited all use of the parcel. The state relies on documents from the United States Fish and Wildlife Service suggesting the possibility that an additional three acres could be harvested.

CRC complains that, at trial, the state submitted no affidavits, depositions, pleadings, or admissions to dispute CRC's assertion that it had suffered a deprivation of all economically viable use of the nine-acre parcel, and that the state's reliance for the first time on appeal on hearsay statements in a hearsay document on which it did not rely at trial is impermissible.

We agree with CRC that it is too late for the state to advance its argument. We have searched the state's briefing in vain for any hint of the argument that it is now making. In its briefing, the state argued only that CRC's state constitutional takings claim runs afoul of the "whole parcel rule," an argument that we rejected. *Coast Range Conifers*, 189 Or App at 546-50. It did not argue that, even assuming that the whole parcel rule does not apply, CRC failed to establish a deprivation of all economic value of its nine-acre parcel. The state's new argument is not jurisdictional in nature. Therefore, the argument may not be asserted for the first time on appeal, much less for the first time in a petition for reconsideration. *Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999), *rev den*, 330 Or 71 (2000) (issue not raised in the opening brief may not be raised on reconsideration).

Reconsideration allowed; former opinion adhered to.