Argued and submitted January 7, decision of Court of Appeals vacated and case
remanded to that court for further proceedings September 9, 2005

WATERWATCH OF OREGON, INC.,
an Oregon nonprofit corporation,
*Respondent on Review,*

*v.*

WATER RESOURCES COMMISSION,
a state agency;
Water Resources Department,
a state agency;
and Coos Bay-North Bend Water Board,
an Oregon Municipal Corporation,
*Petitioners on Review,*

*and*

CITY OF LAKESIDE,
an Oregon municipal corporation;
Tenmile Lakefront Owners Association;
and Department of Fish and Wildlife,
a state agency,
*Other parties.*

(Agency No. CC 13; CA A113693; SC S51586, S51587)

119 P3d 221

Philip Schradle, Special Counsel to the Attorney General, argued the cause for petitioners on review Oregon Water Resources Commission and Oregon Water Resource Department. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

James C. Coffey, of Stebbins & Coffey, North Bend, argued the cause and filed the briefs for petitioner on review Coos Bay-North Bend Water Board.

Brian Posewitz, of Tonkon Torp LLP, Portland, argued the cause and filed the briefs for respondent on review WaterWatch of Oregon, Inc.

Richard M. Glick and Margarita Molina, of Davis Wright Tremaine LLP, Portland, filed briefs on behalf of *amici curiae* League of Oregon Cities, Special Districts Association of Oregon and Oregon Association of Water Utilities.

David E. Filippi and Ellen Hawes Grovers of Stoel Rives LLP, Portland, filed briefs on behalf of *amicus curiae* Oregon Water Resources Congress.

DE MUNIZ, J.

**DE MUNIZ, J.**

This case centers on the statutes governing the water appropriation permit process. Coos Bay-North Bend Water Board (CBNB) applied to the Water Resources Department (the department) for a permit to appropriate water from a creek. The department issued a proposed final order approving the permit application. WaterWatch and others opposed the issuance of the permit asserting that it was not in the public interest. The department held a contested case proceeding. Thereafter the Water Resources Commission considered the matter and approved the permit. WaterWatch sought judicial review arguing that the permit violated the public interest because CBNB would not complete construction of the water diversion project within a statutorily mandated five-year period. The Court of Appeals agreed with WaterWatch and reversed the final order. *WaterWatch v. Water Resources Commission*, 193 Or App 87, 88 P3d 327 (2004).

We allowed CBNC's petition for review in order to examine the statutory interpretation question addressed by the Court of Appeals. In the meantime, however, the 2005 Legislative Assembly enacted House Bill (HB) 3038 (2005), which the Governor signed into law.[1] The measure now is designated as Oregon Laws 2005, chapter 410. Section 5(3) of the measure provides:

> "All final orders by the department that resulted in the issuance of a water right permit, the issuance of a water right certificate or the approval of an extension of time to complete construction or to perfect a water right for a municipal use that were issued before the effective date of this 2005 Act are not subject to challenge in an administrative or judicial proceeding with respect to the requirement to commence and complete construction within a specified period of time."

This case fits within that statutory description: it involves a challenge to a final order, granting a water permit issued before the effective date of HB 3038, in which WaterWatch argued (and the Court of Appeals agreed) that the permit was

---

[1] HB 3038 has an emergency clause and took effect immediately on its passage.

invalid because the projected completion date exceeded the statutory requirement that the construction be completed within five years. Thus, section 5(3) of HB 3038 may foreclose judicial review in this case based on an assertion that CBNB must commence and complete construction within a specified period of time.

In light of HB 3038 we vacate the decision of the Court of Appeals and remand for further consideration.[2] In vacating and remanding we express no opinion respecting the scope or impact of HB 3038 on the present case. We leave that assessment in the first instance to the Court of Appeals. *See Western Helicopter Services v. Rogerson Aircraft,* 311 Or 361, 811 P2d 627 (1991) (stating that court prefers to first have issues defined, focused, and filtered through the lens of a Court of Appeals decision).

The decision of the Court of Appeals is vacated and the case is remanded to that court for further proceedings.

---

[2] We also note that there are other issues in the case that the Court of Appeals did not address.