438 March 6, 2024 No. 163

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

FRIENDS OF FRENCH PRAIRIE
and 1000 Friends of Oregon,
*Petitioners-Appellants
Cross-Respondents,*

*v.*

DEPARTMENT OF AVIATION
and State Aviation Board,
*Respondents-Respondents,*

*and*

AURORA AIRPORT IMPROVEMENT ASSOCIATION
and Bruce Bennett,
*Proposed Intervenor-Respondents,
Cross-Appellants.*

Marion County Circuit Court
19CV56274; A179634 (Control)

CITY OF AURORA,
*Petitioner-Appellant,
Cross-Respondent,*

*v.*

OREGON DEPARTMENT OF AVIATION
and Oregon State Aviation Board,
*Respondents-Respondents,*

*and*

AURORA AIRPORT IMPROVEMENT ASSOCIATION
and Bruce Bennett,
*Proposed Intervenor-Respondents,
Cross-Appellants.*

Marion County Circuit Court
19CV55909; A179649

Joseph SCHAEFER,
*Petitioner-Appellant,*
*Cross-Respondent,*

*v.*

OREGON DEPARTMENT OF AVIATION
and Oregon State Aviation Board,
*Respondents-Respondents,*

*and*

AURORA AIRPORT IMPROVEMENT ASSOCIATION
and Bruce Bennett,
*Proposed Intervenor-Respondents,*
*Cross-Appellants.*

Marion County Circuit Court
19CV54617; A179661

Daniel J. Wren, Judge.

Submitted August 4, 2023.

Andrew Mulkey filed the briefs for appellants-cross-respondents Friends of French Prairie and 1000 Friends of Oregon.

David James Robinson filed the brief for appellant-cross-respondent City of Aurora.

Joseph Schaefer filed the brief *pro se*.

Erick J. Haynie, David Watnick, and Perkins Coie LLP filed the briefs for cross-appellants Aurora Airport Improvement Association and Bruce Bennett.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondents Oregon Department of Aviation and Oregon State Aviation Board.

Amanda Guile-Hinman filed the brief *amicus curiae* for City of Wilsonville.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

On appeals, remanded with instructions to modify judgment to dismiss petitions for judicial review without prejudice; otherwise affirmed. On cross-appeal, affirmed.

**TOOKEY, P. J.**

In this consolidated appeal from a judgment dismissing three petitions for judicial review as moot, petitioners assert a combined 12 assignments of error. The petitions for judicial review sought review of an October 31, 2019, decision (the 2019 Order)[1] of the Oregon Aviation Board (OAB) under ORS 183.484, which provides for judicial review of orders in other than contested cases. Petitioners' cases in the trial court were stayed during the pendency of an appeal by the same parties to LUBA of the 2019 Order.

LUBA ultimately remanded the 2019 Order to OAB. In its opinion remanding the 2019 Order, LUBA, consistent with its precedent, concluded that "after remand, the challenged decision is ineffective." No party sought judicial review of that decision by LUBA. The trial court then dismissed the petitions for judicial review of the 2019 Order as moot with prejudice.

Now, on appeal from the trial court's judgment dismissing the petitions for judicial review as moot with prejudice, petitioners Friends of French Prairie and 1000 Friends of Oregon (Friends) assert three assignments of error; petitioner City of Aurora asserts five assignments of error; and petitioner Joseph Schaefer asserts four assignments of error.[2] We remand with instructions to dismiss the petitions for judicial review without prejudice and otherwise affirm.

*Friends' First Assignment of Error, Aurora's Fourth Assignment of Error, and Schaefer's Third Assignment of Error.* In their first assignment of error, Friends, relying on *Kalmiopsis Audubon Soc'y v. Div. of State Lands*, 66 Or App 810, 812, 676 P2d 885 (1984), assert that the trial court erred because "as a matter of law, LUBA's remand did not deprive the court of its ability to review respondents' 2019 Order." As Friends see it, both LUBA and the circuit court had jurisdiction to review the 2019 Order, with LUBA's "scope of

---

[1]  As we explained in *Schaefer v. Oregon Aviation Board*, 312 Or App 316, 318, 495 P3d 1267, *adh'd to as modified on recons*, 313 Or App 725, 492 P3d 782, *rev den*, 369 Or 69 (2021), the 2019 Order adopted findings of "land use compatibility to bring [OAB's] adoption of [a] Master Plan [for the Aurora State Airport] into compliance with ORS 197.180 and an implementing rule, OAR 738-130-0055(6)."

[2]  Additionally, the City of Wilsonville has filed an *amicus curiae* brief in support of petitioners.

review over state agency land use decisions * * * limited to determining whether 'the state agency made a decision that violated the goals'" (quoting ORS 197.835(9)(b)) and with the circuit court's scope of review to include "review [of] appellant's non-goal-related claims." Friends acknowledge that, as a result of LUBA's remand, OAB could "no longer rely on the 2019 order," but contend that that "did not deprive the circuit court of its ability to complete its independent and parallel review."

Examining "mootness is one part of the broader question of whether a justiciable controversy exists." *Couey v. Atkins*, 357 Or 460, 470, 355 P3d 866 (2015) (internal quotation marks omitted). Generally speaking, a justiciable controversy exists under Oregon law "when the interests of the parties to the action are adverse" and "the court's decision in the matter will have some practical effect on the rights of the parties to the controversy." *Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995) (internal quotation marks omitted). An otherwise justiciable case "becomes moot when a court's decision will no longer have a practical effect on the rights of the parties." *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018). "[W]e review for legal error a trial court's ruling on a motion to dismiss on mootness grounds." *Birchall v. Miller*, 314 Or App 521, 522, 497 P3d 1268 (2021).

Assuming without deciding that both LUBA and the trial court had jurisdiction to review the 2019 Order, as Friends contend, we conclude that the trial court did not err in concluding that the petitions for judicial review of the 2019 Order had become moot. The 2019 Order was remanded to OAB by LUBA, and by operation of LUBA's remand, it had become ineffective. *See Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 16, 376 P3d 288 (2016) (explaining that, "[u]nder the Administrative Procedure Act, a challenge to an order in other than contested case entitles a court to 'affirm, reverse, or remand *the order*' that is the subject of the challenge," and if "there is no longer any order in effect for a court to affirm, reverse, or remand" then the case has no practical effect and is moot (quoting ORS 183.484(5)(a); emphasis in *Eastern Oregon Mining Association*)). Our decision in *Kalmiopsis Audubon Soc'y*, which held that "the

legislature did not intend to divest this court of jurisdiction over appeals taken pursuant to ORS 183.480 and 183.482 claiming [Administrative Procedures Act] violations, even when the agency decision comes within the definition of a land use decision," 66 Or App at 815, does not alter that conclusion regarding mootness. In other words, *Kalmiopsis Audubon Soc'y* did not conclude that when an administrative agency remands of an order a parallel review of that order by the circuit court is not moot.

Further, in Friends' first assignment of error, as well as in Aurora's fourth assignment of error, and in Schaefer's third assignment of error,[3] petitioners raise various contentions of error under ORS 183.484(4)[4] regarding OAB "withdrawing" the 2019 Order. ORS 183.484(4) specifies circumstances under which an agency may withdraw an order for reconsideration subsequent to the filing of a petition for review.

The difficulty with petitioner's arguments is that, although the trial court used the word "withdrawal" in its ruling, OAB did not withdraw the 2019 Order "for purposes of reconsideration" within the meaning of ORS 183.484(4), nor did the trial court find that it did. Rather, after our remand to LUBA, LUBA remanded the 2019 Order to OAB, and the trial court determined that LUBA's remand rendered the petitions for judicial review moot. Thus, contrary to respondents' arguments, the mandates of ORS 183.484(4) are inapplicable with regard to the agency order and the trial court's ruling in this case.

*Friends' Second Assignment of Error and Schaefer's Fourth Assignment of Error.* These assignments of error concern the trial court's determination that ORS 14.175[5] did

---

[3] Another aspect of Schaefer's third assignment of error is discussed below.

[4] ORS 183.484(4) provides:

"At any time subsequent to the filing of the petition for review and prior to the date set for hearing, the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order."

[5] ORS 14.175 provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of

not apply to petitioners' claims. Specifically, Friends' second assignment of error asserts that "the circuit court erred when it declined to review the case under ORS 14.175," because, in cases like this one, where there is a challenge to an administrative agency decision that involves both "goal related and non-goal related assignments of error" and which is appealed to both LUBA and the circuit court, given "LUBA's statutory deadlines for review and expedited time-lines for review at the Court of Appeals, a LUBA proceeding will likely proceed much faster than the circuit court." Thus, as Friends see it, the nongoal related claims in the circuit court will evade review.

Schaefer's fourth assignment of error asserts that "the dismissal with prejudice means the APA claims will evade future judicial review, and therefore the circuit court erred in concluding the ORS 14.175 exception to mootness does not apply." That is so, in Schaefer's view, because dismissal with prejudice prevents the trial court from considering a future challenge to "the 2012 Master Plan," and because OAB "is not obligated to act on LUBA's remand."

The trial court determined that the exception to mootness set forth at ORS 14.175 did not apply, because the "challenged policy or practice, or similar acts," were not "likely to evade judicial review in the future." ORS 14.175(3). Reviewing for legal error, *Progressive Party of Oregon v. Atkins*, 276 Or App 700, 706-07, 370 P3d 506, *rev den*, 360 Or 697 (2016), we conclude that the trial court did not err.

In this case, petitioners obtained judicial review of the challenged the 2019 Order in *Schaefer v. Oregon Aviation Board*, 312 Or App 316, 495 P3d 1267, *adh'd to as modified on recons*, 313 Or App 725, 492 P3d 782, *rev den*,

---

a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

369 Or 69 (2021), after an appeal from LUBA. As a result of that review, we remanded back to LUBA, and LUBA then remanded back to OAB, rendering the 2019 Order ineffective. Thus, petitioners prevailed on their challenge to the 2019 Order, after obtaining judicial review of that order.

Although Friends may be correct that LUBA proceedings generally move more quickly than judicial review under ORS 183.484, and assuming without deciding that, as Friends asserts, both LUBA and the circuit court have jurisdiction to review different aspects of certain state agency decisions, we are not persuaded that LUBA completing its review prior to the circuit court means an issue is "likely to evade judicial review." Further, regarding Schaefer's argument concerning dismissal with prejudice, as explained below, we conclude the trial court erred in that regard and we remand with instructions to dismiss without prejudice.

*Schaefer's and Aurora's First Assignments of Error and Friends' Third Assignment of Error.* The trial court's order dismissing the petitions for judicial review as moot contained the following statement: "This dismissal neither makes nor implies any findings or conclusions as to the final agency order dated October 31, 2019, or to the 2011 Aurora Airport Master Plan referenced therein."

In his first assignment of error, Schaefer contends that the trial court "inconsistently and therefore erroneously ruled that dismissal for lack of a final agency order 'neither makes nor implies any findings or conclusions as to the final agency order dated October 31, 2019, or to the 2011 Aurora Airport Master Plan referenced therein.'" In Aurora's first assignment of error, it joins Schaefer's first assignment of error. In Friends' third assignment of error, they contend that "the circuit court's order is internally inconsistent, and its conclusion that its dismissal for lack of a final decision does not make or imply any findings or conclusions about the 2019 order or the airport master plan referenced therein ultimately undermines its conclusion that the case is moot."

We are not persuaded by petitioners' arguments. We understand the trial court's statement regarding its findings and conclusions to mean that its decision dismissing

the action as moot should not be read as making any determinations as to the merits of petitioners' claims, and merely reflecting that, in view of the 2019 Order being remanded, the cases were moot. Having determined that the cases were moot, the trial court did not err in declining to reach the merits of petitioners' claims. *City of Damascus v. State of Oregon*, 367 Or 41, 68 n 13, 472 P3d 741 (2020) ("[T]here are prudential and jurisprudential reasons to avoid unnecessarily deciding legal issues that may be presented in a case, if the case can be appropriately resolved on more limited grounds.").

*Schaefer's Second Assignment of Error and Aurora's Second and Third Assignments of Error.* In Schaefer's second assignment of error, which is joined by Aurora in its second assignment of error, they contend that "[w]hether the Final Agency Order in 2019 is a separate proceeding from the 2012 Master Plan is a precluded issue that the Court of Appeals already decided."[6] They assert that the trial court improperly "segregate[d]" the "2012 Master Plan * * * from the Final Agency Order adopted in 2019 into two separate proceedings."

In Aurora's third assignment of error, it contends that the "circuit court erred in treating the 2012 Airport Master Plan as separate from the 2019 Final Agency Order because that plan was only a preliminary agency decision that preceded final agency action under ORS 183.310(6)(b)."[7] Aurora contends that "the 2012 Aurora Airport Master

---

[6] Petitioners' "preclusion" argument relies on our opinion in *Schaefer*, 312 Or App 316. In that case, we concluded, among other legal points, that "the version of the master plan that the [OAB] approved on October 27, 2011, along with any other materials that the board considered at that meeting, had to be part of the record before LUBA" in petitioners' appeal to LUBA of the 2019 Order. *Id.* at 326. We explained that that was so because the 2019 Order was "an effort to comply with OAR 738-130-0055(6), which provides that '[t]he Aviation Board shall adopt findings of [land-use] compatibility * * * *when it adopts the final facility plan*,'" and, under that rule, "the board's adoption of a final facility plan and its land-use compatibility findings are two parts of the same proceeding." *Id.* at 325 (brackets, omission, and emphasis in *Schaefer*).

[7] ORS 183.310(6)(b) provides:

"'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A) Precedes final agency action; or

Plan was a nonfinal agency order subject to review once Respondents adopted the 2019 Final Agency Order."

In our view, the trial court did not err in the manner described in Schaefer's and Aurora's second assignments of error or Aurora's third assignment of error. Given the record, we understand the trial court's order to have recognized that the final order that provided it with jurisdiction under ORS 183.484—the 2019 Order—was ineffective and for that reason the case was moot. Regardless of whether the 2019 Order was appropriately characterized as part of the same proceeding as an earlier proceeding, petitioners' challenge to the 2019 Order had become moot.

*Aurora's Fifth Assignment of Error and Schaefer's Third Assignment of Error.* As noted, the trial court dismissed the petitions for judicial review with prejudice. In its fifth assignment of error, Aurora contends that that was error. Additionally, in its argument in its third assignment of error, Schaefer contends that that was error. We conclude that although the trial court did not err in dismissing the petitions as moot, they should have been dismissed without prejudice. *See, e.g.*, *Arnold v. Kotek*, 370 Or 716, 719, 524 P3d 955 (2023) (dismissing motion for stay as moot, but doing so "without prejudice").[8]

Consequently, we remand with instructions to modify the judgment to dismiss the petitions for judicial review without prejudice, and we otherwise affirm.[9]

---

"(B)  Does not preclude further agency consideration of the subject matter of the statement or declaration."

[8] Citing ORAP 10.30(2)(b), Aurora and Schaefer request that we publish a precedential decision in resolving this appeal. Having considered the factors in ORAP 10.30(2)(b), we conclude a nonprecedential decision is appropriate.

Further, to the extent petitioners have raised arguments that we have not specifically addressed in this opinion, we reject them.

[9] We note that cross-appellants, the Aurora Airport Improvement Association and Bruce Bennett, have filed a "conditional cross appeal," in which they ask that, if we determine that petitioners' petitions for review are not moot, we reverse the trial court's "apparent determination that it otherwise had subject matter jurisdiction." We need not reach that argument, because we agree with the trial court that this case is moot.

Further, cross-appellants, whose motions to intervene in the trial court were denied as moot, request that "in the event *** this Court rules in favor of Petitioner-Appellants and orders and further proceedings in the Circuit Court," we reverse "the Circuit Court's denial of their intervention motions, to ensure

On appeals, remanded with instructions to modify judgment to dismiss petitions for judicial review without prejudice; otherwise affirmed.  On cross-appeal, affirmed.

---

[their] participation in any Circuit Court proceedings upon remand." Because we agree with the trial court that this case is moot, and remand for the limited purpose of modifying the judgment to reflect that the dismissals are without prejudice, we conclude that the trial court did not err in denying the motions to intervene because they are moot.